UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MISSION PRODUCE, INC.

       Plaintiff,

 -against-

AP ROYAL PRODUCE, INC.,
ALEKSANDR YAKUBOV,

       Defendants.
----------------------------------------------------------x

**COMPLAINT**

Civil Action No.:

Plaintiff, Mission Produce, Inc. ("Plaintiff"), by its attorney, upon this complaint (the ("Complaint"), alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to the Perishable Agricultural Commodities Act of 1930 as amended, 7 U.S.C. §499a *et seq.* ("PACA") and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and (2).

### THE PARTIES

3. Plaintiff is a produce dealer and wholesaler organized and existing as a corporation under and pursuant to the laws of the State of California, with its principal place of business located at 2500 E. Vineyard Avenue, Oxnard, California 93031, and was at all relevant times subject to and licensed under the provisions of PACA, United States Department of Agriculture ("USDA") PACA License Number 19831164.

4. Defendant AP Royal Produce, Inc. ("AP Royal") is a produce dealer, commission merchant or broker organized and existing as a corporation under and pursuant to the laws of the State of New York, with its principal place of business located at 1310 Avenue R, Brooklyn,

New York 11229, and was at all relevant times subject to and licensed under the provisions of PACA, USDA PACA License Number 20160508.

5. Upon information and belief, defendant Aleksandr Yakubov ("Mr. Yakubov") is an individual residing at 1310 Avenue R, Brooklyn, New York 11229.

6. Upon information and belief, at all relevant times, Mr. Yakubov was the controlling officer, director, and/or shareholder of AP Royal, an insider with actual and constructive knowledge of PACA and the trust provisions therein, and responsible for the daily management and control of AP Royal, including its finances, accounts receivable and accounts payable.

7. Upon information and belief, at all relevant times, Mr. Yukabov controlled or was in a position to control the PACA trust assets and was a statutory trustee of the PACA trust assets that are the subject of this Complaint.

## FIRST CAUSE OF ACTION

### (Breach of Contract Against AP Royal)

8. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if fully set forth herein.

9. At all relevant times, AP Royal was engaged in the buying and selling of perishable agricultural commodities in interstate and/or foreign commerce as a dealer, commission merchant or broker subject to the provisions and regulations of PACA.

10. In a series of two transactions occurring on or about September 16, 2016 and September 28, 2016, in the course of interstate commerce, Plaintiff sold and shipped fresh produce (the "Produce") to AP Royal, which AP Royal purchased from the Plaintiff for the

2

agreed-upon aggregate principal amount of $170,250.00.  Copies of the invoices (the "Invoices") for the sales of the Produce are attached hereto as **Exhibit "A"**.

11.     On or about the date of each of these two transactions, Plaintiff provided to AP Royal the respective Invoices.

12.     AP Royal received and accepted the Produce and the Invoices without objection.

13.     Upon AP Royal's default in payment pursuant the terms of the Invoices, Plaintiff demanded that AP Royal pay all amounts due and owing under the Invoices.

14.     As of the date hereof, AP Royal has failed to pay Plaintiff any amount for the Produce.

15.     Plaintiff has performed all conditions, covenants and obligations required to be performed by it under all agreements between Plaintiff and AP Royal for the sales of the Produce.

16.     As a direct and proximate cause and result of the failure of AP Royal to remit any payment due to Plaintiff pursuant to the Invoices for the Produce, Plaintiff has been damaged in the aggregate principal amount of $170,250.00, plus interest and attorneys fees pursuant to the Invoices.

## SECOND CAUSE OF ACTION

**(Enforcement of Statutory Trust Provisions of PACA Against All Defendants)**

17.     Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if fully set forth herein.

18.     At all relevant times, Plaintiff's USDA PACA license was current and valid.

19. At all relevant times, Plaintiff was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA and operating its business subject to its USDA PACA license.

20. The Produce was purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

21. Pursuant to PACA, Plaintiff preserved its trust beneficiary rights in the aggregate principal amount of $170,250.00 by including the statutory language of 7 U.S.C. §499e(c)(4) on the face of each of the Invoices for the Produce and by sending those invoices to AP Royal on or about the date of receipt of the Produce by AP Royal.

22. Pursuant to PACA, upon receipt of the Produce sold by Plaintiff to AP Royal, the Defendants became trustees of a PACA trust for the benefit of Plaintiff in the aggregate principal amount of $170,250.00 (the "PACA Trust").

23. Pursuant to PACA, the PACA Trust is a floating trust which extends to all of AP Royal's inventories of perishable agricultural commodities, all inventories of food or products derived from said commodities, all accounts receivables and other proceeds from the sales of such commodities, and all assets commingled or purchased or otherwise acquired with proceeds of such commodities (collectively, the "PACA Trust Assets").

24. PACA required Defendants to hold and preserve the PACA Trust Assets in trust for the benefit of Plaintiff until full payment had been made to Plaintiff for the Produce.

25. PACA required Defendants to make prompt full payment to Plaintiff for the Produce.

26. AP Royal failed to make any payment to Plaintiff for the Produce, despite Plaintiff's repeated demands.

4

27. Pursuant to PACA, Plaintiff is an unpaid supplier and seller of produce, and is entitled to PACA protection and payment from the PACA Trust Assets.

28. Upon information and belief, Defendants have failed to maintain the PACA Trust Assets and keep them available to satisfy AP Royal's obligations to Plaintiff.

29. Upon information and belief, Defendants have transferred or diverted the PACA Trust Assets, and are continuing to so transfer or divert the PACA Trust Assets, namely receivables or proceeds derived from the sales of the Produce, to their own use and/or to an unknown third party or parties in violation of their statutory duties under PACA to preserve the PACA Trust Assets for the benefit of Plaintiff.

30. As a direct and proximate cause and result of the wrongful acts and omissions by Defendants, Plaintiff has suffered aggregate principal loss in the amount of $170,250.00, plus interest and attorneys fees pursuant to the Invoices, all of which qualify for protection under PACA.

## THIRD CAUSE OF ACTION

**(Breach of Duty to PACA Trust Beneficiary Against Mr. Yakubov)**

31. Plaintiff repeats and realleges the allegations contained in all prior paragraphs as if fully set forth herein.

32. At all relevant times, Mr. Yakubov was the controlling officer, director, and/or shareholder of AP Royal, an insider with actual and constructive knowledge of PACA and the trust provisions therein, and responsible for the daily management and control of AP Royal.

33. At all relevant times, Mr. Yukabov controlled or was in a position to control the PACA Trust Assets and was a statutory trustee of the PACA Trust Assets.

34. At all relevant times, Mr. Yakubov controlled or had a duty to control AP Royal's operations and financial dealings, including its finances, accounts receivable and accounts payable involving the PACA Trust Assets.

35. Mr. Yakubov breached his fiduciary and other duties under PACA by failing to direct AP Royal to preserve and maintain sufficient PACA Trust Assets and to pay Plaintiff in full for the Produce.

36. Mr. Yakubov's failure to direct AP Royal to maintain sufficient PACA Trust Assets and to pay Plaintiff in full for the Produce was an unlawful dissipation of trust assets by a corporate official.

37. As a direct and proximate cause and result of Mr. Yakubov's breaches of his duties, Plaintiff has incurred damages in the aggregate principal amount of $170,250.00, plus interest and attorneys' fees, all of which qualify for protection under the PACA.

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants as follows:

a. On the First Cause of Action, judgment in favor of Plaintiff against AP Royal in the amount of $170,250.00, plus interest and attorneys fees pursuant to the Invoices;

b. On the Second Cause of Action, judgment in favor of Plaintiff against all Defendants, jointly and severally, in the amount of $170,250.00, plus interest and attorneys fees pursuant to the Invoices and PACA;

c. On the Third Cause of Action, judgment in favor of Plaintiff against Mr. Yakubov, in the amount of $170,250.00, plus interest and attorneys fees pursuant to PACA; and

    d. For such other and further relief as the Court deems just and proper.

Dated: December 20, 2016

Respectfully Submitted,

By: /s/
Jonathan S. Bodner, Esq.
BODNER LAW PLLC
40 Cutter Mill Road
Suite # 301
Great Neck, NY 11021
(T) 516-444-3923
(F) 516-444-3924
jbodner@bodnerlawpllc.com

# EXHIBIT "A"

*REPRINT*     Page: 1

# SALES INVOICE

**Mission Produce**

Mission Produce Inc
P.O. Box 5267 · Oxnard, CA 93031-5267
2500 E. Vineyard Avenue, Suite 300 · Oxnard, CA 93036
Sales 805-981-4655 · Fax 805-981-3662

Invoice Number:  740415
Invoice Date   :  9/16/2016
Ship Date . .  :  9/16/2016
Customer PO .  :  DANIEL
Payment Terms  :  NET10

**Sold To:**
AP ROYAL PRODUCE, INC.
1310 AVE. R UNIT #2G

BROOKLYN        NY 11229

**Ship To:**
SAME

Order Date: 9/15/2016       Sales Rep: GWEN        Carrier: INTEGRITY EXPRESS LOGISTICIELC
Broker  . :                                        Trailer: 57025                 State: IL
Sale Terms:                                        2nd PO#:

| Description | UOM | Quantity | Price | Amount |
|---|---|---|---|---|
| LUG, AVOCADO HASS 48'S MB TPS | LUG | 1,280 | 58.00 | 74,240.00 |
| Country of Origin - MEXICO  (COOL - MX) | | | | |
| K AVOCADO HASS 20 M | 4-KILO | 756 | 12.50 | 9,450.00 |
| Country of Origin - MEXICO  (COOL - MX) | | | | |
| THER PALLET | EACH | 20 | .00 | .00 |

SEAL #6734667 BLUE

Total Units:   2,036       Due (USD):   83,690.00

78/00-740415-00-00/22026/102716/15/MAIL

9/26/2016

## THIS INVOICE IS DUE ON OR BEFORE:

Please return a copy of this invoice with your remittance payable to: Mission Produce Inc · Thank You

This Transaction is considered a domestic sale. Ex-works "Mission Produce Inc" Facility Distribution Center or buyers premises, and any exportation of these commodities is the sole responsibility of the party conducting the exportation. Unless agreed to in writing, there is no authorization for the use of Mission Produce Inc. in an international sale.

THE PERISHABLE AGRICULTURAL COMMODITIES LISTED ON THIS INVOICE ARE SOLD SUBJECT TO THE STATUTORY TRUST AUTHORIZED BY SECTION 5(c) OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT, 1930 (7 U.S.C. 499e(c)). THE SELLER OF THESE COMMODITIES RETAINS A TRUST CLAIM OVER THESE COMMODITIES, ALL INVENTORIES OF FOOD OR OTHER PRODUCTS DERIVED FROM THESE COMMODITIES, AND ANY RECEIVABLES OR PROCEEDS FROM THE SALE OF THESE COMMODITIES UNTIL FULL PAYMENT IS RECEIVED.

Should any action be commenced between the parties to this contract concerning the sums due hereunder or the rights and duties of any party hereto or the interpretation of this contract, the prevailing party in such action shall be entitled to, in addition to other relief as may be granted, an award for the actual attorneys fees and costs incurred in bringing such action and/or enforcing any judgement granted therein.

A FINANCE CHARGE CALCULATED AT THE RATE OF 1.5% PER MONTH (18% ANNUALLY) WILL BE APPLIED TO ALL PAST DUE ACCOUNTS.

# BILL OF LADING: 740415

**Ship To:**  Ship From:  Carrier:

Transport under this bill of lading was arranged by a third party intermediary truck broker. Carrier must be paid by broker without recourse from shipper/consignee. THIS SHIPMENT MUST BE RUN ON CONTINUOUS MODE OR OTHERWISE CARRIER WILL BE FINED.

**Carrier Agreement**

Driver Signature:

Company Name:

Driver Name:

# SALES INVOICE

**Mission Produce**

Mission Produce, Inc.
P.O. Box 5267 · Oxnard, CA 93031-5267
2500 E. Vineyard Avenue, Suite 300 · Oxnard, CA 93036
Sales 805-981-3655 · Fax 805-981-3862

Invoice Number: 742287
Invoice Date  : 9/28/2016
Ship Date . . : 9/28/2016
Customer PO . : DANIEL
Payment Terms : NET10

**Sold To:**
AP ROYAL PRODUCE, INC.
1310 AVE. R UNIT #2G

BROOKLYN        NY 11229

**Ship To:**
SAME

Order Date: 9/27/2016     Sales Rep: GWEN      Carrier: TRINITY LOGISTICS INC      TTFD
Broker  . :                                     Trailer: 19955 BG                   State: NY
Sale Terms:                                     2nd PO#: 2016/09/27 16:17:06

| Description | UOM | Quantity | Price | Amount |
|---|---|---|---|---|
| LUG, AVOCADO HASS 36'S MB TPS  Country of Origin - MEXICO (COOL - MX) | LUG | 240 | 57.50 | 13,800.00 |
| LUG, AVOCADO HASS 48'S MB TPS  Country of Origin - MEXICO (COOL - MX) | LUG | 1,360 | 53.50 | 72,760.00 |
| OTHER PALLET | EACH | 17 | .00 | .00 |

seal 878717

Total Units:  1,600     Due (USD):  86,560.00

78/00-742287-00-00/22111/102716/15/MAIL

**THIS INVOICE IS DUE ON OR BEFORE:**        10/08/2016

*Please return a copy of this invoice with your remittance payable to: Mission Produce Inc - Thank You*

This transaction is considered a domestic sale. Ex-works 'Mission Produce Inc.' facility distribution center or buyers premises - are any exportation of these commodities is the sole responsibility of the party conducting the exportation. Unless agreed to in writing, there is no authorization for the use of Mission Produce Inc. on an international sale.

THE PERISHABLE AGRICULTURAL COMMODITIES LISTED ON THIS INVOICE ARE SOLD SUBJECT TO THE STATUTORY TRUST AUTHORIZED BY SECTION 5(c) OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT, 1930 (7 U.S.C. 499 e(c)). THE SELLER OF THESE COMMODITIES RETAINS A TRUST CLAIM OVER THESE COMMODITIES, ALL INVENTORIES OF FOOD OR OTHER PRODUCTS DERIVED FROM THESE COMMODITIES, AND ANY RECEIVABLES OR PROCEEDS FROM THE SALE OF THESE COMMODITIES UNTIL FULL PAYMENT IS RECEIVED.

Should any action be commenced between the parties to this contract concerning the sums due hereunder or the rights and duties of any party hereto or the interpretation of this contract, the prevailing party in such action shall be entitled in addition to other relief as may be granted an award for the actual attorney's fees and costs in bringing such action and/or enforcing any judgement granted therein.

A FINANCE CHARGE CALCULATED AT THE RATE OF 1.5% PER MONTH (18% ANNUALLY) WILL BE APPLIED TO ALL PAST DUE ACCOUNTS.



## BILL OF LADING: 742287

Loaded at: New Jersey
1109 COMMERCE BLVD
SUITE 200
SWEDESBORO, NJ 08085
Date Shipped: 9/28/2016

P O BOX 5267
2500 VINEYARD
OXNARD, CA 93031-5267

| Ship To: | Sold To: | Carrier: |
|---|---|---|
| AP ROYAL PRODUCE, INC.<br>1310 AVE. R UNIT #26<br>BROOKLYN, NY 11229 | AP ROYAL PRODUCE, INC.<br>1310 AVE. R UNIT #26<br>BROOKLYN, NY 11229 | TRINITY LOGISTICS INC   TTFD<br>Loaded by: NADA<br>Dock: 00   Time In: 16:37   Out 17:38 |
| Customer PO: DANIEL | Delivery: 9/29/2016 | SlsRep: 15   GWEN |

| Shipped | | Item Description | |
|---|---|---|---|
| 1360 | | LUG, AVOCADO HASS 48'S MB TPS<br>Country of Origin - MEXICO  (COOL - MX)<br>    Pallets: 2147824-96,2147829-96,2147859-96,2147864-96<br>    2147874-96,2147889-96,2147899-96,2147921-96,2147930-96<br>    2148089-96,2148103-96,2148124-96,2148128-96,2148162-96<br>    2171139-8,2171162-8 | 025304851551 |
| 240 | | LUG, AVOCADO HASS 36'S MB TPS<br>Country of Origin - MEXICO  (COOL - MX)<br>    Pallets: 2154757-80,2154866-80,2154914-80 | 025303651551 |
| 17 | | OTHER PALLET<br><br>seal 878717<br><br>Customer PO:    DANIEL | 900000000002<br><br><br><br>2016/09/27 16:17:06 |
| 1600 | | 19          43,200          1600 | Passing:   No |

*Loading Pulp Temp  40      Freight Charge Terms: Prepaid

Received by Carrier on the Date Shipped, as noted above, from the Shipper the exempt perishable commodities (Property) described above in good order and condition, except as noted above, marked, consigned and destined as indicated herein. Carrier agrees to carry and deliver the Property to the destination indicated above. Carrier agrees to carry and deliver the property subject to the terms and conditions printed or written on this Bill of Lading. Carrier's transportation charges are to be paid by Shipper if marked Prepaid, by Consignee or owner of the Property if marked collect, or by Transportation Broker if not marked or marked Third party above. If the agreement to transport the property was made with or arranged by broker, such broker becomes jointly and severally, with the Carrier, responsible and liable according to the terms of this bill of lading.

IF TRANSPORT UNDER THIS BILL OF LADING WAS ARRANGED BY A THIRD PARTY INTERMEDIARY(TRUCK BROKER), CARRIER MUST BE PAID BY BROKER,WITHOUT RECOURSE FROM SHIPPER/CONSIGNOR.
THIS SHIPMENT MUST BE RUN ON CONTINUOUS MODE 40F,OTHERWISE CARRIER WILL BE FINED AND SUBJECT TO CLAIM.

Carrier Agreement:    I have verified the count, pulp temperatures, and temperature recorder was placed in truck if so marked, and am satisfied the shipment is properly loaded and braced. Carrier or its agent certifies that the TRU equipment furnished for loading this shipment is in compliance with California TRU regulations:

Driver Signature: X_____ Peñey lic    Driver's License #: Verified
Print Company Name: TRINITY LOGISTICS INC    TTF Trailer Lic # & St: 19955 BG-NY
Print Driver Name: PETER TALYZIN            354355          SAR422