```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
MISSION PRODUCE, INC.                                       :
                                                            :
                    Plaintiff,                              :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
        -against-                                           :
                                                            :   16 Civ. 7015 (BMC)
AP ROYAL PRODUCT, INC. and ALEKSANDR                        :
YAKUBOV,                                                    :
                                                            :
                    Defendants.                             :
                                                            :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is an action for goods sold and delivered pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA"). Before me is plaintiff's motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

## BACKGROUND

According to the allegations in the complaint, plaintiff is a perishable produce dealer, organized and operating under the laws of California, and is licensed by the U.S. Department of Agriculture. The corporate defendant, AP Royal Produce, Inc. ("AP Royal"), is a New York corporation that held itself out as being a wholesaler buyer, broker, or distributor of produce, and the individual defendant, Aleksandr Yakubov, is either the primary shareholder, officer, or director of AP Royal. Yakubov is responsible for the daily management and control of AP Royal, including its finances, accounts receivable, and accounts payable.

Plaintiff alleges that it sold AP Royal wholesale quantities of fresh avocados on September 16, 2016, and September 18, 2016, and invoiced AP Royal for the agreed purchase price of $170,250. The invoices were payable by their terms within 10 days from the receipt of the avocados. The invoices also advised AP Royal of the statutory PACA trust; that interest on past due amounts would be charged at 1.5% per month of the balance; and that the failure to pay would subject AP Royal to reasonable attorneys' fees and costs of collection.

AP Royal has failed to pay the invoices, despite plaintiff's demands. Plaintiff therefore brought this action. Defendants have failed to timely appear and the Clerk of Court has entered their default on the docket pursuant to Federal Rule of Civil Procedure 55(a). Defendants have also failed to respond to plaintiff's motion for a default judgment.

## **DISCUSSION**

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." The Second Circuit has held that it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

In support of its motion for default judgment, plaintiff has submitted the declaration of Jeremy B. Warren, plaintiff's Corporate Counsel. The Warren affidavit describes the sales between plaintiff and AP Royal and has annexed and authenticated the invoices totaling $170,250. Each invoice bears the notation that the sale is subject to PACA's statutory trust. The Warren affidavit also contains a table listing each sale and computing interest, which when added to the principal totals $194,240.95.

The principal amount claimed is sufficiently proven by the invoices; it is essentially an account stated, see generally In re Rockefeller Ctr. Props., 266 B.R. 52, 57 (S.D.N.Y. 2001), with additional protection provided by federal law as a PACA trust. Similarly, the allegations in the complaint as to the individual defendant Yakubov's control of the business are sufficient to impose liability. See e.g., Felix Produce Corp. v. New Lots Food Corp., 2009 WL 2985444, *2 (E.D.N.Y. Sept.14, 2009); John Georgallas Banana Distribs. of N.Y., Inc. v. N & S Tropical Produce, Inc., 2008 WL 2788410, *4 (E.D.N.Y. July 15, 2008); Brigiotta's Farmland Produce & Garden Ctr., Inc. v. Przykuta, 2006 WL 3240729, *3-4 (W.D.N.Y. July 13, 2006); see also "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 125 n. 8 (2d Cir. 2008).

As to interest, the invoices contain a contractual term fixing the interest rate, and courts will generally enforce such a rate. See Taylor & Fulton Packing, LLC v. Maro Int'l Foods, LLC, 2011 WL 6329194 (E.D.N.Y. Dec. 16, 2011).

Finally, as provided by the invoices, plaintiff is entitled to recover attorneys' fees and costs pursuant to the invoices. PACA explicitly provides for an award of attorneys' fees when "the parties' contract so provides," as the fees "become subject to the PACA trust together with the principal debt." Dayoub Mktg., Inc. v. S.K. Produce Corp., 2005 WL 3006032, *4 (S.D.N.Y. Nov. 9, 2005) (citing, *inter alia*, Country Best v. Christopher Ranch, LLC, 361 F. 3d 629, 632-33

3

(11th Cir. 2004)). Plaintiff requests $4000 in attorneys' fees computed at the rate of $250 per hour over 16 hours. Both the rate and the hours expended are eminently reasonable and will be awarded.[1] In addition, plaintiff is entitled to recover costs of $899.50, consisting of $400 for the filing fee and $499.50 for process server fees.[2]

### CONCLUSION

The motion for a default judgment is granted. Plaintiff shall have judgment in its favor against defendants, jointly and severally, in the amount of $199,140.45 plus post-judgment interest. Judgment will be separately entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
May 23, 2017

---

[1] The Court commends plaintiff's counsel on the quality and thoroughness of the motion for default judgment.

[2] The individual defendant proved difficult to serve, and indeed, the allegations in the complaint suggest that defendants' entire business may have been a sham.

4